IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEROME LORENCE FORTUNE, | CIVIL ACTION FILE |
| Plaintiff, | NO. 1:17-cv-02862-AT-LTW |
| vs. | |
| SHAPIRO PENDERGAST & HASTY, LLP, | |
| Defendants. | |

## **DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S LEGAL CONCLUSIONS and RECOMMENDATION**

COMES NOW Defendant Shapiro Pendergast & Hasty, LLP ("Defendant") and timely objects to the Magistrate Judge's legal conclusion and recommendation that Plaintiff's complaint should be dismissed *without* prejudice. (Doc. 5 at 4). Instead, Plaintiff's Complaint should be dismissed *with* prejudice.

Plaintiff's Complaint identifies the "type of claim" as "Enforcement of judgment for damages." His Complaint asserts:

> "This is an enforcement action on a judgment rendered the Defendant under Public International Laws, laws of the United States, and additional damages incurred pursuant to state law, specifically 15 U.S.C. 1692 et al and O.C.G.A. 10-1-851. The Defendant has refused to compensate the Consumer for damages and continue to violate the laws. See Verified Claim and Exhibit."

1

(Doc. 1-1 at 2).

Therewith, he filed a separate twelve-page document entitled "Verified Claim for Damages." (Doc. 1-1 at 5-16). Attached thereto is a document which has the appearance but is not, in fact, an order entered in a civil action. It is entitled "Default Order and Judgment." (Doc. 1-1 at 17-30). It is a document Plaintiff obviously created out of whole cloth. Plaintiff seems to be arguing that since the defendant did not challenge his "Order" within ten days, defendant stipulated to liability and owes him damages. (Doc. 1-1, ¶¶ 28-31).

He also alleged he received a "dunning letter dated November 16, 2016" "demanding payment on an non-existent debt in breach of it's default order and judgment." [sic] (Doc. 1-1 at 10, ¶ 33). However, attached to the Complaint are two letters from Defendant to Plaintiff. One is **_March 15_**, 2016 (Doc. 1-1 at ¶ 32), and the other is dated **_March 17_**, 2016 (Doc. 1-01 at 42).

The first letter states that it is response to Plaintiff's "request for verification of the debt" and is clearly a Fair Debt Collection Practices Act notice sent by Defendant to Plaintiff. The second letter dated two days thereafter is a statutory notice of foreclosure (not a "dunning" letter) which states that it "is being sent solely for the purpose of enforcement of the Security Deed through non-judicial foreclosure sale of the Property." (Doc. 1-1 at ¶ 42). Nowhere do these letters

demand payment from Plaintiff. Moreover, they were sent more than a year before Plaintiff filed his Complaint.

Plaintiff suggested that by sending such notices, defendant has violated his Order. He contends this was "illegal behavior" in violation of International Law and the FDCPA. (Doc. 1-1, ¶¶ 38-39).

In the *ad damnum* of Plaintiff's Complaint, he seeks ratification of this "Order and Judgment." (Doc. 1-1 at 11, a. "Demand for Relief.") He also seeks:

- a permanent injunction against the Firm and "it's agents, officers, affiliates, subsidiaries and parent company/s" [sic] pursuant to 15 U.S.C. § 1692 et al; O.C.G.A.§ 10-1-390, O.C.G.A. § 10-1-851, and O.C.G.A. § 10-1-852. (Doc. 1-1 at 11, b. "Demand for Relief"); and

- an "additional civil penalty of $10,000.00 per violation pursuant to O.C.G.A § 10-1-851 (Doc. 1-1 at 11, c. "Demand for Relief").

As Defendant argued in its Motion to Dismiss, Plaintiff's judgment form is clearly unenforceable and can afford Plaintiff no relief under the Fair Debt Collection Practices Act ("FDCPA") or any other law which he cited in passing in his Complaint.[1] Moreover, to the extent he asserted a claim under the FDCPA

---

[1] See Motion to Dismiss. (Doc. 2 at 2-3, 8).

based upon the two letters he attached to his Complaint, as argued in the Motion to Dismiss,[2] such claim is barred due to the expiration of the statute of limitations.

As also argued in the Motion to Dismiss,[3] the equitable relief he sought is not available to him under the FDCPA.

Magistrate Judge Walker held that "[t]he 'Default Order and Judgment' form [attached to the Complaint], which has the appearance of a judicial order, is really a document created by Plaintiff in his attempt to legally enjoin Defendant from collecting a debt from him." (Doc. 5 at 2).  She correctly found that Plaintiff's form Complaint failed to state a claim.  (Doc. 5 at 3).  She found that his Complaint is "replete with legal conclusions" and that he "has not provided any factual allegations in support thereof."  She held that his "failure to provide any factual support for his legal conclusions renders his Complaint insufficient to raise a right to relief beyond the speculative level or to suggest the required elements of his claims. For instance, Plaintiff alleges Defendant:

> is actuality a legal group, primarily engaged in debt collection, although not being legally admitted as a foreign agent, without a scintilla of proof of bonafide citizenship with the United States nor registered and licensed with the Secretary of State of Georgia to engage in debt collection, while its principal partners have advanced thousands of

---

[2] Doc. 2 at 9.

[3] Doc. 2 at 9-10.

> illegal non-judicial actions against Georgia consumers without any meaningful attorney review.

(Doc. 1-1 at ¶ 10). These vague allegations do not nudge Plaintiff's right to relief above the speculative level, even under the most liberal construction. See Twombly, 550 U.S. at 555. Accordingly, Plaintiff's Complaint should be **DISMISSED WITHOUT PREJUDICE**. See Washington v. Dep't of Children and Families, 256 F. App'x 326, 328 (11th Cir. 2007) (concluding that district court should not have dismissed shotgun pleading *with prejudice* without ordering plaintiff to amend complaint and remanding case for the district court to either order plaintiff to comply with pleading requirements or to dismiss the complaint *without* prejudice); Curtis v. BAC Home Loans Servicing, LP, No. 5:10-CV-2626-MTT, 2010 WL 4054129 at *2 (M.D. Ga. Oct. 14, 2010) (dismissing the plaintiff's conclusory complaint because it was "utterly frivolous and lack[ed] any legal foundation").

She then held that "Defendant's Motion to Dismiss should be GRANTED."

Dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief or it is based on an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford Cnty., 960 F.2d 1002, 1009-10 (11th Cir. 1992).[4]

---

[4] Brown was cited in the Final Report and Recommendation. (Doc. 5 at 3)

The Magistrate Judge did not address Defendant's arguments regarding Plaintiff's claims being barred on legal grounds.  However, having found that the Order was a made up document, and that his complaint is conclusory and lacking in factual support, she then cited the Washington decision for the proposition that the complaint should "***accordingly***" be dismissed *without* prejudice. Emphasis supplied. (Doc. 5 at 4).  Thus, it appears, she concluded that such authority mandated dismissal without prejudice rather than with prejudice. Notwithstanding, unlike here, the Washington decision she cited involved a shotgun pleading[5]   which typically requires either dismissal without prejudice, or, prior to dismissal with prejudice, an order to provide a more definite statement to comply with Rule 8(a)(2).

She also cited Curtis v. BAC Home Loans Servicing LP, 5:10-CV-226-MTT, 2010 WL 4054129, at *2 (M.D. Ga. Oct. 14, 2010) wherein the court granted a motion to dismiss a complaint as to which the Court was "unable to construe any viable legal theory or factual basis on which a single one of the Plaintiff's claims, as asserted could rest.'  But note that the court in Curtis appropriately dismissed the complaint *with* prejudice.[6]

---

[5] Washington also did not involve time-barred claims.

[6] (b) Involuntary Dismissal; Effect. If the plaintiff fails to … comply with these rules …, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper

In this case, Plaintiff's claim(s) are not only conclusory, they are altogether frivolous and legally barred. As such, it would be futile to allow Plaintiff leave to amend. First, he did not seek leave to amend his Complaint. Instead, upon failing to respond to the Motion to Dismiss, he was "ordered to show cause as to why his case should not be dismissed." Doc. 3 at 2. In response (as reported by the Magistrate Judge), "Plaintiff mostly restated the claims and conclusory allegations already present in his Complaint." (Doc. 5 at 3).

Indeed, his response to the show cause order demonstrates the futility of amendment. As his claims so clearly lack merit and/or are barred as a matter of law,[7] his Complaint should be dismissed with prejudice.

---

venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41

[7] See, Cooper v. Countrywide Home Loans, 16-16173, 2018 WL 718610, at *2 (11th Cir. Feb. 6, 2018) ("[t]he district court correctly determined that giving Cooper leave to amend his complaint would be futile because TILA clearly barred his claims. In general, a pro se litigant must be given an opportunity to amend his complaint. Evans v. Reg'l Hosp., 850 F.3d 1248, 1254 (11th Cir. 2017). However, a district court need not allow amendment where it would be futile. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).")

SHAPIRO PENDERGAST & HASTY, LLP

/s *DENISE R. GRIFFIN*

BY:_____
DENISE R. GRIFFIN
STATE BAR OF GEORGIA NO. 310777

295 SOUTH CULVER STREET, SUITE B
LAWRENCEVILLE, GA  30046
770/963-7147 (TELEPHONE)
770/963-9676 (FACSIMILE)
DRGRIFFIN@LOGS.COM

## CERTIFICATE OF SERVICE

This is to certify that on February 19, 2018, the undersigned served the following parties to this action with a true copy of the foregoing by depositing the same in the U.S. Mail, postage pre-paid, addressed as follows:

Jerome L. Fortune
7179 High Lake Terrace, SE
Covington, GA 30014

SHAPIRO PENDERGAST & HASTY, LLP

/s/ DENISE R. GRIFFIN

BY:_____
DENISE R. GRIFFIN
STATE BAR OF GEORGIA NO. 310777

295 SOUTH CULVER STREET, SUITE B
LAWRENCEVILLE, GA 30046
770/963-7147 (TELEPHONE)
770/963-9676 (FACSIMILE)
DRGRIFFIN@LOGS.COM